PER CURIAM.
In the guardianship proceedings below the trial court in the order now appealed denied a petition filed by appellant, Sam Osterman, husband of the incompetent Jean Josovitz Osterman, and, by appoint *1067 ment, the. guardian of her person and property. The petition requested that periodic payments of $1,800 per month for salary and $680 per month for miscellaneous expenses be paid to the guardian from the income generated by assets belonging to the ward.
Some background is necessary. The appellant, Sam Osterman, married Jean Joso-vitz in 1974. In 1979 Mrs. Osterman suffered a stroke and required hospitalization. Her condition worsened, and in April 1985 she was adjudicated incompetent, a victim of Alzheimer’s disease. The court appointed Mr. Osterman as guardian of her person and property.
The following facts are basically uncon-troverted. Mr. Osterman tends to the wants of his incompetent wife at home on a twenty-four hour basis. Her need for intimate attention, as in most such cases, is acute. It is also uncontroverted that approximately $845 in monthly income is generated by the incompetent’s entitlements and non-trust assets which has always been available to defray expenses. She also has assets in excess of $500,000 in trust, the income of which has not been made available to the guardian. Mr. Osterman has assets in excess of $500,000 and an annual income in excess of $80,000.
Alleging that the inventory filed by the guardian pursuant to section 744.377(4), Florida Statutes (1985), was an incomplete accounting of the guardianship assets, the ward’s son by a previous marriage petitioned the court for a temporary restraining order to prevent the guardian from transferring any assets of the ward until the issue of ownership of the assets in question could be resolved.
Because the interests of the guardian might be adverse to those of the ward, the court appointed a guardian ad litem to investigate the nature and extent of the guardianship estate of the ward.
The record is unclear as to the progress that has been made in clarifying ownership of the various Osterman assets.
As pointed out by appellee, not involved here is the issue of whether the guardian is entitled to a fee pursuant to section 744.-108, Florida Statutes (1985). In fact, entitlement to a fee upon proper application and assuming no defalcations are uncovered by subsequent discovery or events, is conceded.
Appellant seeks a salary and expense money. As to the latter it is clear, at least in our view of the record, that expenses of the ward, estimated to be $680 per month, are more than offset by the ward’s available income of $845 per month and no impediment exists to use of that money by the guardian for the benefit of the ward.
Salary is another matter. There is not nor should there necessarily be a provision in the law for guardians to receive a “salary” regardless of the nature and extent of the duties they may be called upon to perform. The statute provides for a “reasonable fee” to be fixed by the court at the appropriate time. No such application has been made but obviously the nature and extent of services and the hours devoted to the labor are factors which the court will take into account in due course in setting such a fee.
We therefore affirm although our reasoning for approving denial of the petition varies somewhat from that applied by the court below.
AFFIRMED.
HERSEY, C.J., and DELL and WALDEN, JJ., .concur.